UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE MCQUILLAN, individually,
and on behalf of all other similarly
situated persons,

    Plaintiff,

vs.

THE PROCTER & GAMBLE
MANUFACTURING COMPANY,
and PROCTER & GAMBLE
DISTRIBUTING LLC.,

    Defendants.

Case No. 09-13099
Hon. Denise Page Hood
Magistrate R. Steven Whalen

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

_____/

Gerard Mantese (P34424)
David Hansma (P71056)
Mantese and Rossman, P.C.
Attorneys for Plaintiffs
1361 E Big Beaver Rd
Troy, MI 48083
(248) 457-9200

_____/

### FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Leslie McQuillan, by her attorneys, Mantese and Rossman, P.C., and for her First Amended Class Action Complaint, states as follows:

### INTRODUCTION

1. Defendants' mouthwash product, "Crest Pro-Health," causes severe staining and browning of the teeth.

2. Plaintiff, commenced using Crest Pro-Health and developed unsightly brown stains in between her teeth.

3. These stains had not existed before Plaintiff used Crest Pro-Health

mouthwash.

    4.    Defendants do not warn that Crest Pro-Health causes stains.

    5.    In fact, Defendants represent that Crest Pro-Health only provides oral hygiene benefits.

    6.    Defendants know that if they truthfully disclosed that Crest Pro-Health mouthwash causes stains, consumers would not buy the product because to people who take care of their mouth (i.e., people who buy and use mouthwash) clean teeth are important.

    7.    That Defendants would market and sell a product purporting to clean the mouth, but which, in reality, stains teeth, is a reprehensible marketing practice that should be enjoined and for which Defendants should pay damages.

    8.    This action is brought on behalf of Plaintiff and all other consumers who have purchased or used Crest Pro-Health mouthwash and have suffered tooth staining.

## JURISDICTION, PARTIES AND VENUE

    9.    Plaintiff is a resident of the State of Michigan and has used and been damaged by the use of Crest Pro-Health mouthwash.

    10.    Defendant Procter & Gamble Manufacturing Co. is an Ohio corporation doing business in Michigan and amenable to service of process in Michigan.

    11.    Defendant Procter & Gamble Distributing LLC is a Delaware limited liability company doing business in Michigan and amenable to service of process in Michigan.

    12.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action raise a claim arising under the laws of the United States.

    13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c), as

Defendants transact business in this district and are subject to the personal jurisdiction of this Court.

## GENERAL ALLEGATIONS

14. Defendants manufacture and distribute a variety of products, including, *inter alia*, oral hygiene products, including Crest Pro-Health mouthwash.

15. Crest Pro-Health mouthwash carries the risk of discoloring the user's teeth and has in fact caused tooth staining in a substantial number of people who have used Crest Pro-Health.

16. The label on Crest Pro-Health mouthwash provides only the following warnings and directions:

**Uses**
- helps prevent and reduce plaque and gingivitis
- helps control plaque bacteria that contribute to the development of gingivitis and bleeding gums

**Warnings**

**Ask a dentist if** symptoms persist or condition worsens after regular use.

**Keep out of reach of children under 6 years of age**. If more than used for rinsing is accidentally swallowed, get medical help or contact a Poison Control Center right away.

**Directions**
- use after your normal brushing and flossing routine; rinse toothpaste from mouth prior to use
- adults and children 6 yrs. & older: Rinse for 30 seconds with 20 ml (4 teaspoonfuls) twice daily
- do not swallow

- children 6 years to under 12 years of age: supervise use

- children under 6 years of age: do not use

17. The label does not warn of the risk of staining.

18. Crest Pro-Health contains cetylpyridinium chloride ("CPC"). The known side effects of CPC include, *inter alia*, discoloration of teeth.

19. After using Crest Pro-Health, Plaintiff's teeth have acquired brown stains, which did not exist before the use of the mouthwash.

20. On information and belief, Defendants have received numerous complaints from users of Crest Pro-Health relating to tooth discoloration.

21. Defendants have actual knowledge that its product causes staining.

22. The warnings and directions that accompany Crest Pro-Health mouthwash fail to inform consumers about the risk of tooth discoloration.

23. Defendants' failures to disclose the risk of tooth-staining renders Defendants' affirmative disclosures about the product materially misleading and deceptive.

## CLASS ACTION ALLEGATIONS

24. This action is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(1), and/or (b)(2), and/or (b)(3).

25. Plaintiff represents a proposed nation-wide Class of all individuals who, within the last 6 years, have themselves purchased Crest Pro-Health mouthwash or have used Crest Pro-Health mouthwash that was purchased by someone in the user's household, and have suffered tooth staining.

26. The members of the proposed Class are so numerous that joinder of all members is impracticable. Indeed, on information and belief, there are thousands of

consumers who have been damaged by the same defective mouthwash that Defendants produced and distributed, and, over a span of years, sold nationally in numerous retailers.

27. Common questions of law and fact exist as to all members of the proposed Class, as Defendants manufactured and sold the same defective mouthwash to all members of the proposed Class. Defendant applied the same practices to an entire class of consumers, uniformly resulting in harm to the proposed Class. Common questions of law and fact include, but are not limited to:

   a. Whether Defendants knew or should have known that Crest Pro-Health mouthwash stains teeth;

   b. Whether Defendants had a duty to warn consumers of the side effects of Crest Pro-Health mouthwash;

   c. Whether Defendants breached their duty to warn consumers of the side effects of Crest Pro-Health mouthwash;

   d. Whether Defendants' failure to warn consumers about the side effects of Crest Pro-Health mouthwash was unfair or deceptive;

   e. Whether Defendants engaged in deceptive or misleading trade practices in marketing Crest Pro-Health mouthwash;

   f. Whether or not Crest Pro-Health mouthwash is reasonably fit for its intended purpose;

   g. Whether or not Crest Pro-Health mouthwash is merchantable; and

   h. Whether Class members have been damaged, and if so, the extent of the damages.

28. Plaintiff's claims are typical of the claims of the proposed Class, as Plaintiff bases her claims of breach of implied warranty of merchantability, breach of Defendants' duty to warn, and violation of the various consumer protection acts on precisely the same actions by Defendant that have also damaged the proposed Class.

29. Plaintiff, a consumer who has suffered the same damage, and who seeks the same redress, as the proposed Class, will fairly and adequately protect the interests of the proposed Class.

30. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying results.

31. Defendants have acted on grounds generally applicable to the entire proposed Class, thereby making appropriate final injunctive or declaratory relief with respect to the proposed Class as a whole.

32. Questions of law and fact common to the members of the proposed Class predominate over any questions affecting only individual members.

33. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, as thousands of consumers are similarly situated and affected by Defendants' product, and there will be no particular difficulties in the management of this case as a class action.

34. The individual members of the proposed Class do not have a significant interest in controlling the prosecution of separate actions involving the subject matter of this action.

35. The expense and burden of individual litigation would make it impossible for the members of the proposed Class to individually redress the wrongs done to them.

36. Plaintiff seeks to certify a nation-wide class action consisting of all individuals who, within the last 6 years, have themselves purchased Crest Pro-Health mouthwash or have used Crest Pro-Health mouthwash that was purchased by someone in the user's household, and have suffered tooth staining. Expressly excluded from the class are the

officers, directors, agents, servants or employees of Defendants, and the immediate family member of any such person. Also excluded is any judge who may preside over this case.

## COUNT I
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

37. Plaintiff realleges all preceding allegations.

38. Michigan's version of the Uniform Commercial Code (codified at MCL § 440.2314), as well as other state's versions of the UCC, creates an implied warranty in the sale of goods.

39. Under the UCC, unless excluded or modified, a warranty that goods will be merchantable is implied in a contract for their sale if the seller deals in goods of that kind.

40. Defendants, who are national producers and sellers of, among other things, dental hygiene products, including moutwashes, unquestionably deal in this product. The sale of this mouthwash carries an implied warranty of merchantability.

41. Under the UCC, in order to be merchantable, it is required that goods:

   a. pass without objection in the trade under the contract description;

   b. in the case of fungible goods, are of fair average quality within the description;

   c. are fit for the ordinary purposes for which such goods are used;

   d. run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved;

   e. are adequately contained, packaged, and labeled as the agreement may require; and

   f. conform to the promises or affirmations of fact made on the container or label if any.

42. Without limiting the applicability of any of the above listed requirements, Crest

Pro-Health mouthwash is not of fair average quality within its description nor is it fit for the ordinary purposes for which mouthwash is used. The fair average quality of mouthwash and its suitability for its ordinary purposes require that it be able to perform its intended cleaning functions without staining its user's teeth.

43. Crest Pro-Health mouthwash's propensity to stain users' teeth renders the mouthwash unmerchantable.

44. Accordingly, Defendants breached their implied warranty of merchantability to Plaintiff and the proposed Class when they produced and/or sold and/or distributed to consumers defective mouthwash.

45. Defendants' breach proximately caused damages to Plaintiffs and the proposed Class in an amount to be determined.

46. Plaintiffs and the members of the proposed Class are thus entitled to damages for breach of implied warranty of merchantability.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and all members of the proposed Class, respectfully requests the following relief:

    a. An order certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as representative of the proposed Class, and appointing Plaintiff's counsel as counsel for the Class;

    b. All appropriate damages, actual and otherwise;

    c. Costs, interest, and attorney fees;

    d. All appropriate injunctive relief; and

    e. All other relief this Court deems appropriate.

## COUNT II
## BREACH OF IMPLIED WARRANTY
## UNDER MAGNUSON-MOSS WARRANTY ACT

47. Plaintiff realleges all preceding allegations.

48. This case is a national cause of action involving similarly situated and affected consumers throughout the United States.

49. The above described actions on the part of Defendant constitute a breach of implied warranty of merchantability actionable under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §2301 *et seq*.

50. The MMWA, 15 U.S.C. §2301(7), provides that "[t]he term 'implied warranty' means an implied warranty arising under State law . . . in connection with the sale by a supplier of a consumer product." Plaintiff has already alleged Defendants' liability under state law concerning breach of implied warranty.

51. Under the MMWA, 15 U.S.C. §2310(d)(1), Plaintiff and the proposed Class members may bring a civil action for damages because the mouthwash at issue is a consumer product, Plaintiff and the proposed Class members are consumers, and Defendants are suppliers or warrantors of the mouthwash for purposes of the MMWA.

52. Plaintiff and the members of the proposed Class are entitled to recover under the MMWA because they were damaged by Defendants' failure to comply with an obligation under an implied warranty of merchantability.

53. Defendants' breach of implied warranty, actionable under the MMWA, proximately caused damages to Plaintiff and the proposed Class in an amount to be determined.

54.   Plaintiff and the members of the proposed Class are thus entitled to damages for breach of implied warranty.

55.   Pursuant to the MMWA, 15 U.S.C. §2310(d)(2), Plaintiff and the members of the proposed Class, as prevailing consumers, should be entitled to recover the aggregate amount of cost and expenses (including attorney fees) determined by the Court to have reasonably been incurred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all members of the proposed Class, respectfully requests the following relief:

   a.   An order certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as representative of the proposed Class, and appointing Plaintiff's counsel as counsel for the Class;

   b.   All appropriate damages, actual and otherwise;

   c.   Costs, interest, and attorney fees;

   d.   All appropriate injunctive relief; and

   e.   All other relief this Court deems appropriate.

## COUNT III
## PRODUCT LIABILITY – FAILURE TO WARN

56.   Plaintiff realleges all preceding allegations

57.   Defendants owed Plaintiff and the proposed Class a duty to warn them of the dangers and side effects of using Crest Pro-Health mouthwash.

58.   Defendants had actual or constructive knowledge of the danger and side effects of using Crest Pro-Health.  These side effects are not obvious to users of Crest Pro-Heath and Defendants failed to use reasonable care in informing users of the side effects

of Crest Pro-Health.

59. Defendants breached their duty to warn Plaintiff and the proposed Class.

60. Defendants' breach of their duty to warn proximately caused injury to Plaintiff and the proposed Class in the form of stained teeth.

61. Defendants' breach proximately caused damages to Plaintiffs and the proposed Class in an amount to be determined.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and all members of the proposed Class, respectfully requests the following relief:

    a. An order certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as representative of the proposed Class, and appointing Plaintiff's counsel as counsel for the Class;

    b. All appropriate damages, actual and otherwise;

    c. Costs, interest, and attorney fees;

    d. All appropriate injunctive relief; and

    e. All other relief this Court deems appropriate.

## COUNT IV
## VIOLATION OF CONSUMER PROTECTION STATUTES

62. Plaintiff realleges all preceding allegations.

63. Defendants violated the Michigan Consumer Protection Act ("MCPA"), MCL § 445.901 *et seq*, including section 445.903(1)(c), (e), (s) and (y), as well as similar state consumer protection laws.

64. The MCPA prohibits "[u]nfair, unconscionable, or deceptive methods, acts,

or practices in the conduct of trade or commerce," including:

    a.    Representing that goods have uses or benefits that they do not have;

    b.    Representing that goods are of a particular standard or quality, when they are not of that standard of quality;

    c.    Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer;

    d.    Failing to provide the promised benefits of a good.

65. Defendants failure to disclose the propensity of Crest Pro-Health mouthwash to stain teeth is conduct that creates a likelihood of confusion and tends to mislead or deceive purchasers and users of Crest Pro-Health mouthwash, and otherwise violates state consumer protection laws.

66. The MCPA defines "trade or commerce" as "the conduct of a business providing goods, property, or service primarily for personal, family or household purposes." MCL § 445.902(d).

67. Defendants' manufacture and sale of mouthwash constitutes "trade or commerce" under the MCPA.

68. Defendants' breach of implied warranty of merchantability, described herein, constitutes a violation of the MCPA. *Mikos v. Chrysler Corp.*, 404 N.W.2d 783, 784 (Mich. App. 1987).

69. Defendants' violations of the Michigan Consumer Protection Act and other state consumer protection laws proximately caused damages to Plaintiff and the proposed Class in an amount to be determined.

70. Plaintiff and the members of the proposed Class are thus entitled to damages

for Defendants' violation of the Michigan Consumer Protection Act and similar state consumer protection laws.

71.     Pursuant to the MCPA, Plaintiff and the proposed Class, having suffered violations of the MCPA, are entitled to reasonable attorney fees.  MCL § 445.911(2).

### PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and all members of the proposed Class, respectfully requests the following relief:

   a.   An order certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as representative of the proposed Class, and appointing Plaintiff's counsel as counsel for the Class;

   b.   All appropriate damages, actual and otherwise;

   c.   Costs, interest, and attorney fees;

   d.   All appropriate injunctive relief; and

   e.   All other relief this Court deems appropriate.

### JURY DEMAND

Plaintiff, on behalf of herself and all members of the proposed Class, hereby

demands a trial by jury.

                        Respectfully submitted,

                        **MANTESE AND ROSSMAN, P.C.**
                        Attorneys for Plaintiffs


                    By: s/Gerard V. Mantese
                        Gerard V. Mantese (P34424)
                        David Hansma (P71056)
                        1361 E. Big Beaver Rd.
                        Troy, MI  48083
                        (248) 457-9200

Dated: August 17, 2009